UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SARAH CUPIT, | : | Case No. 3:10-cv-111 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | : | |
| Defendant. | : | |

**DECISION AND ENTRY: (1) THE ALJ'S NON-DISABILITY FINDING IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS REVERSED; (2) THIS MATTER IS REMANDED TO THE ADMINISTRATIVE LAW JUDGE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g); AND (3) THIS CASE IS CLOSED.**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff "not disabled" and therefore not entitled to child's insurance benefits ("CIB") or supplemental security income ("SSI"). (*See* Administrative Transcript ("Tr.") (Tr. 15-28)).

I.

On June 7, 2004, Plaintiff filed an application for CIB and SSI alleging she became disabled on September 1, 1997, due to major depression and related mental impairments, as well as several physical impairments including right knee problems and histoplasmosis. (Tr. 51, 56, 745). Her claims were denied initially and on reconsideration. (Tr. 34, 38, 749, 753).

Plaintiff sought *de novo* review of the denials, and ALJ David A. Redmond held a hearing on the matter on May 8, 2007. (Tr. 41, 760-77). Plaintiff, represented by her attorney, and a vocational expert were present and testified at the hearing.

On October 25, 2007, the ALJ entered his decision finding Plaintiff not disabled. (Tr. 28). The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a restricted range of light exertional work for which there were a significant number of jobs. (Tr. 27). Plaintiff sought review by the Appeals Council, which denied her request on January 23, 2010, making the ALJ's decision the final decision of the Commissioner. (Tr. 7-10). Thereafter, Plaintiff commenced this action in federal court under 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision.

At the alleged onset date, Plaintiff was a 17 year old female with a tenth grade education and no past relevant work experience. (Tr. 27).

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant is the dependent child of a disabled wage earner.

2. The claimant has not engaged in substantial gainful activity since September 1, 1997.

3. The claimant attained the age of twenty-two on September 6, 2002.

4. The claimant was unmarried at the time of her application for benefits and remains unmarried.

5. The medical evidence establishes that the claimant has "severe" impairment of internal derangement of the right knee with residuals of surgery, bilateral

-2-

carpal tunnel syndrome, pulmonary nodules secondary to histoplasmosis, major depression versus bipolar disorder, and borderline personality disorder with a strong history of substance abuse, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4.

6. The claimant retains the functional capacity to perform light work, as such work is defined for Social Security purposes. However, she is limited to simple tasks that would not require her to lift more than a maximum of ten pounds. She is further limited to jobs that would allow her to sit for fifteen minutes of each hour. She is restricted to jobs that would not require sustained fine manipulation. She is further restricted to jobs that would involve only minimal personal contacts.

7. The claimants allegations of total disability are not supported by the substantial objective medical evidence or clinical findings and cannot be considered credible (20 CFR 404.1529 and 416.929).

8. The claimant has no past relevant work.

9. The claimant's residual functional capacity for the full range of light work is reduced by the limitations addressed in Finding No. 4.

10. At the time of the alleged onset of disability, the claimant was seventeen years old. She is presently twenty-seven years old. At all times relevant to this decision, she is defined as being a "younger individual" (20 CFR 404.1563 and 416.963).

11. The claimant has a 10th grade or "limited" education (20 CFR 404.1564 and 416.964).

12. The claimant does not have any acquired work skills which are transferrable to the skilled or semiskilled work functions of other work (20 CFR 404.1568 and 416.968).

13. Based on a functional capacity for light work, and the claimant's age, education, and work experience, section 404.1569 of Regulations No. 4, section 416.969 of Regulations No. 16, and Vocational Rule 202.17, Table No. 2, of Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

14. Although the claimant's functional limitations do not allow her to perform the full range of light work, using the above-cited sections as a framework for decision-making, there are a significant number of jobs in the national economy which the claimant could perform. Examples of such jobs are mail clerk, warehouse checker, copy machine operator, machine tender, charge account clerk, microfilm document preparer, weight tester, and surveillance system monitor. Such jobs exist in the numbers of 24,000 in the region and exist proportionately at the national level.

15. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 26-8).

On appeal, Plaintiff makes three arguments: (1) that the ALJ incorrectly assessed Plaintiff's alcohol and drug use; (2) that the ALJ improperly discounted the opinion of Plaintiff's treating psychiatrist; and (3) that the opinion of the state agency reviewing psychologist is not substantial evidence supporting the ALJ's decision, as the psychologist actually found Plaintiff to be more limited than did the ALJ.

## II.

The inquiry on appeal is two pronged. The Court must determine both whether the ALJ "applied the correct legal criteria" and whether ALJ's non-disability finding is supported by substantial evidence. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-6 (6th Cir. 2007); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial

evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The ALJ must also apply the correct legal standards and follow the Commissioner's own regulations. His failure to do so will typically result in reversal, even when the ALJ's opinion is otherwise supported by substantial evidence. *Bowen*, 478 F.3d at 746.

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to CIB and SSI. 20 CFR §§ 404.1512(a); 416.912. That is, she must present sufficient evidence to show that, during the relevant time period, she is unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment which has lasted or is expected to last for twelve months or result in death. 42 U.S.C. §423(d)(1)(A); §1614(a)(3)(A) of the Social Security Act (42 U.S.C. §1382c).

### A.

Taking Plaintiff's second assignment of error first, Plaintiff asserts that the ALJ did not articulate good reasons for rejecting the opinion of Plaintiff's treating psychiatrist,

as required by the regulations.

20 CFR § 404.1527 dictates how the ALJ is to weight a treating physician's opinion. Generally, the opinion of a treating physician is given greater weight than that of a non-treating physician. 20 CFR § 404.1527(d)(1). This is because treating physicians:

> are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 CFR § 404.1527(d)(2).

The ALJ must give controlling weight to a treating physician's opinion if he finds it "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Id.* If a treating physician's opinion is not granted controlling weight, the ALJ must still determine the weight it deserves by applying certain factors, including: the length of the treatment relationship and the frequency of examination; the extent of the treatment relationship; the nature and extent of the relevant evidence that the treating physician presents supporting his opinion; the consistency of the opinion with the record as a whole; the treating physician's specialization; and any other factor the claimant presents that tends to support or contradict the opinion. 20 CFR § 404.1527(d)(2)-(6).

Moreover, a decision denying benefits "must contain specific reasons for the

weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. R. 96-2p. This rule forces an ALJ to explain his decision to a claimant who may not otherwise understand why he is being denied disability when his own doctor considers him disabled. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Furthermore, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.*

It is a fundamental principle of administrative law that an agency must follow its own regulations. *Id.* at 545.

> Because of the significance of the notice requirement in ensuring that each denied claimant receives fair process, a failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242-3 (6th Cir. 2007). "Consistent with this principle, courts have remanded the Commissioner's decisions when they have failed to articulate "good reasons" for not crediting the opinion of a treating source, as [20 CFR § 404.1527(d)(2)] requires." *Wilson* at 545.

Dr. Fitz, Plaintiff's treating psychiatrist, completed an Ohio Department of Job and Family Services form entitled, "Mental Functional Capacity Assessment," on May 26,

2004. Dr. Fitz marked that Plaintiff was moderately to markedly limited in virtually every category, ultimately concluding that she was unemployable for twelve months or more. (Tr. 702-3).

The ALJ acknowledged that Dr. Fitz was Plaintiff's treating psychiatrist, but wholly discounted her opinion as unsupported by either her own treatment records or any objective evidence. (Tr. 21, 24). In defending this decision, the Commissioner argues that Dr. Fitz's opinion was "conclusory" and her responses to the questionnaire were "patently deficient." (Doc. 12 at 15). The Commissioner identified specific inconsistencies between Dr. Fitz's opinion and the rest of the record. (*Id.* at 15-6). Finally, the Commissioner maintained that Dr. Fitz's treatment notes, many of them simply documenting adjustments to Plaintiff's medications, do not support her opinion. (*Id.* at 15).

Dr. Fitz has an extensive treatment record with Plaintiff, lasting several years and taking up more than one hundred pages of transcript. (Doc. 449-536, 601-37). Though the Commissioner is correct that much of the treatment record shows Dr. Fitz only changing Plaintiff's medications, the frequency and severity of the changes are revealing. Under Dr. Fitz's care, Plaintiff was prescribed an astonishing number of psychiatric medications, at varying levels, including Zoloft, Trazodone, Depakote, Klonopin, Lexapro, Seroquel, Paxil, Topamax, Cymbalta, Geodon, Lithium Carbonate, Wellbutrin, Lamictal, Effexor, Risperdal, and Buspar. (*See* Doc. 8 at 6-11). Dr. Fitz was constantly

tinkering to find the correct combination of drugs and dosages to prescribe. Despite this care, Plaintiff continued to suffer from severe mental problems. During this period, Plaintiff was admitted to the emergency room multiple times, was evicted from her housing due to spells of anger, had suicidal ideation, and perhaps attempted suicide. (*See Id.*). The Commissioner's argument that Dr. Fitz's repeated adjustments to Plaintiff's medication does not support her opinion that Plaintiff is disabled is unsubstantiated. It is unclear what else Dr. Fitz could have tried to alleviate Plaintiff's symptoms.

Furthermore, the ALJ's argument that Dr. Fitz did not present objective support for her assessment is mistaken. As Plaintiff points out, the Sixth Circuit has held that psychiatric limitations are fundamentally different from other physical problems in terms of the support they require.

> [A] psychiatric impairment is not readily amenable to substantiation by objective laboratory testing as a medical impairment . . . Consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine . . . In general, mental disorders cannot be ascertained and verified as are most physical illnesses . . . [W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic techniques.

*Blankenship v. Bowen* 874 F.2d 1116, 1121 (6th Cir. 1989) (quotations omitted).

In further support of the ALJ's dismissal of Dr. Fitz's opinion, the Commissioner

pointed out several seeming inconsistencies between Dr. Fitz's opinion and the record. Yet these appear to be *post hoc* rationalizations for the ALJ's decision, as they are not mentioned in the decision and do not appear to have played any role in it. Whether the alleged inconsistencies would suffice as substantial evidence supporting the ALJ's decision is unclear, but also irrelevant in light of the ALJ's elision.

In addition to the ALJ's questionable bases for discounting Dr. Fitz's opinion, the ALJ also failed to adequately explain his decision to do so. The ALJ neither cited the factors in 20 CFR § 404.1527(d)(2)-(6) nor evidenced that he applied them. From the face of the opinion, the ALJ saw a binary choice: either accept or reject Dr. Fitz's opinion *in toto*. This was patent error. As stated *supra*, the ALJ was to determine whether Dr. Fitz's treating source opinion was due controlling weight by assessing whether it comported with the record and was supported by medical science. If not, the ALJ's task was not complete, as he was to use the five factors outlined in the Regulations to determine the amount of deference to afford the opinion. The ALJ was then duty bound to explain his analysis.

Dr. Fitz offered her opinion of Plaintiff nearly a year into their treatment relationship. In the subsequent three years, Dr. Fitz continued to treat Plaintiff in accordance with that opinion, attempting to assuage Plaintiff's psychological pain with an significant number of different psychiatric medications. Because psychiatric limitations do not yield easily to objective scientific corroboration, Dr. Fitz cannot be faulted for failing to support her opinion with laboratory testing. Dr. Fitz's opinion was not

perfunctory nor unsupported nor self-evidently rejectable. The ALJ's failure to subject Dr. Fitz's opinion to the standards set forth in 20 CFR § 404.1527(d)(2)-(6) was erroneous. Even more so was the ALJ's failure to explain his reasoning on the matter. In either case, as the ALJ did not abide by the Commissioner's own regulations, his decision is not supported by substantial evidence, and it is therefore reversed.

### B.

Plaintiff's other assignments of error are necessarily intertwined with the ALJ's handling of Plaintiff's treating psychiatrist's opinion and are consequently not resolved in this appeal. To wit, whether the ALJ properly accounted for Plaintiff's alcohol and drug use in assessing her mental limitations is dependent on the weight accorded Dr. Fitz's opinion. Likewise, whether the ALJ's reliance on the state agency reviewing psychologist's opinion amounts to substantial evidence supporting his decision is unresolvable without first properly determining the amount of deference Dr. Fitz's opinion deserves. In light of this Court's reversal of the ALJ's decision for failing to properly account for and explain his decision regarding the opinion of Plaintiff's treating psychiatrist in assessing the extent of Plaintiff's mental limitations, it is unnecessary, and would be imprudent, to decide Plaintiff's remaining two assignments of error at this stage.

### III.

The fourth sentence of 42 U.S.C. § 405(g) authorizes the district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." A sentence four remand empowers the district court to "order the [Commissioner] to consider additional evidence on remand to remedy a defect in the original proceedings, a defect with caused the [Commissioner's] misapplication of the regulations in the first place." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 175 (6th Cir. 1994).

The ALJ's reasons for rejecting Plaintiff's treating psychiatrist's opinion are not supported by substantial evidence. In addition, the ALJ neglected to apply the factors found in the Regulations to calculate Dr. Fitz's opinion's deference and failed to adequately explain his reasons for granting the opinion no weight. Such omissions require remand.

### IV.

For the foregoing reasons, Plaintiff's assignments of error are well taken. The ALJ did not abide by the correct legal criteria and his ultimate finding is not supported by substantial evidence; thus, the decision is reversed. This case is remanded under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner shall properly assess Dr. Fitz's treating source opinion in light of the evidence in the record, submitting it to the various factors under 20 CFR § 404.1527(d)(2)-(6), and shall thoroughly explain the reasons for the weight ultimately granted to Dr. Fitz's opinion, per Soc. Sec. R. 96-2p.

**IT IS SO ORDERED.**

Date: 7/6/11

Timothy S. Black
United States District Judge